**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JOHN E. McCORMAC, et al.,       :
                                :   CIVIL ACTION NO. 04-4368 (MLC)
     Plaintiffs,                :
                                :       MEMORANDUM OPINION
     v.                         :
                                :
UNITED STATES DEPARTMENT        :
OF THE TREASURY, et al.,        :
                                :
     Defendants.                :
                                :
```

**COOPER, District Judge**

This matter arises on defendants' motion to dismiss the amended complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative to transfer the action to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. We will deny the motion to the extent that it seeks to dismiss the amended complaint and grant the motion to the extent that it seeks to transfer the action.

## BACKGROUND

Plaintiffs, John E. McCormac and Richard H. Moore, bring this action in their capacities as Treasurers of the states of New Jersey and North Carolina (the "States"), respectively. (Amd. Compl., at 1.) The States seek to recover proceeds of fully matured United States savings bonds (the "bonds") that are in the custody of the Bureau of Public Debt (the "Bureau"), a division of the United States Treasury Department (the

"Treasury"). (Id.) Although the bonds have matured, in some cases decades ago, they remain in the custody of the Bureau and there has been no communication between the Bureau and the bonds' owners for at least a year after maturity. (Id.) The owners of the bonds are residents of the States whose last known addresses are in the States. (Id.)

The States claim that the bonds are unclaimed property of State residents within the meaning of the New Jersey Uniform Unclaimed Property Act, N.J.S.A. § 46:30B-1 et seq., and the North Carolina Escheat and Unclaimed Property Act, N.C. Gen. Stat. § 116B-1 et seq. (collectively, the "State Acts"). (Id.) Each of the State Acts is a "custody" escheat statute, rather than a "title" escheat statute, in that title to abandoned property does not pass to the State but instead the State obtains custody and beneficial use of the property pending identification of the property's owner. (See N.J.S.A. § 46:30B-61; N.C. Gen. Stat. § 116B-63(b); Pl. Br. at 5-6).[1] The States claim that the State Acts "oblige the Bureau to report and deliver the [bonds] to the States for beneficial custody and return to the rightful owners to the extent possible." (Id.) The States further allege that "[a]lthough defendants know that the [bonds] have escheated to the States under the [State] Acts, they refuse to update

---

[1] Plaintiffs' counsel represented at oral argument that all fifty states have enacted custodial statutes.

registration records or make payment of bond proceeds to [the States]."[2] (Id. at 2.) The States request, inter alia, an order directing defendants to (1) transfer to the States all proceeds of bonds that fall within the terms of the State Acts and (2) provide each State with an accounting of the amounts owed. (Id. at 16-18.)

Defendants argue that jurisdiction does not lie in this Court but instead in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. (See, e.g., Def. Br. at 5-14.)

## DISCUSSION

The Tucker Act provides a waiver of sovereign immunity for certain claims against the United States and grants jurisdiction to the Court of Federal Claims for such claims. The Tucker Act states in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). See also 28 U.S.C. § 1346 (the "Little Tucker Act") (providing concurrent jurisdiction among district courts and the Court of Federal Claims for, inter alia, claims on

---

[2] The Bureau maintains a registration record for each bond sold by the Treasury that indicates the person or entity having ownership or beneficial custody of the bond. (Id. at 2.)

contracts with the United States not exceeding $10,000 in amount).

The States argue that the Tucker Act is inapplicable because this is not an action founded upon contracts with the United States; rather, the States seek to enforce their rights under the State Acts. (See, e.g., Pl. Br. at 9-12.) We do not agree.

The bonds are contracts between the United States and the bond owners. See Rotman v. United States, 31 Fed. Cl. 724, 725 (Ct. Fed. Cl. 1994) ("A U.S. Savings Bond is a contract between the United States and the person to whom it is registered."). The States are seeking, inter alia, to be paid the proceeds of the bonds. Such payment is at odds with the federal regulations that govern the bonds. The Treasury is empowered to set conditions on the bonds, including conditions governing their redemption. 31 U.S.C. § 3105(c). See also Rotman, 31 Fed. Cl. at 725 (Section 3105(c) "empowers the Secretary of the Treasury to prescribe conditions by which U.S. Savings Bonds may be held. . . . [including] restrictions on transfer and redemption."). Treasury regulations do not allow custodians of bonds, as opposed to registered owners of bonds, to redeem the bonds. (See, e.g., 31 C.F.R. § 315.15; Def. Br. at 3-4.) The States in effect challenge the terms of the bonds by seeking to collect proceeds

4

to which Treasury regulations do not entitle them.[3]  We find, therefore, that the States' complaint does assert a claim upon a contract with the United States and jurisdiction lies in the Court of Federal Claims pursuant to 28 U.S.C. § 1491(a)(1).

    We disagree with the States' argument that the Administrative Procedure Act ("APA"), 5 U.S.C. § ("Section") 702, rather than the Tucker Act, provides the waiver of sovereign immunity here such that this Court has jurisdiction.  The APA's waiver of sovereign immunity is limited in that nothing in Section 702 "confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702.  "The Tucker Act [and the Little Tucker Act operate] as such a limitation of section 702 in cases based on contracts with the federal government."  <u>Spectrum Leasing Corp. v. United States</u>, 764 F.2d 891, 892-93 (D.C. Cir. 1985).  This is an action based on contracts with the United States, and therefore we find that the Tucker Act, and not the APA, provides the waiver of sovereign immunity.

---

    [3] Regardless of whether the States may be entitled to receive the bond proceeds under their respective State Acts, the States are not entitled to do so under the controlling regulations.  <u>See</u> <u>Rotman</u>, 31 Fed. Cl. at 725 ("[F]ederal regulations governing U.S. Savings Bonds prevail over conflicting state law.") (citations omitted).

## **CONCLUSION**

The Court will deny defendants' motion to the extent that it seeks to dismiss the amended complaint and grant the motion to the extent that it seeks to transfer the action to the Court of Federal Claims.  The Court will issue an appropriate order.


                                                s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge