NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1605

John E. McCormac, TREASURER OF THE STATE OF NEW JERSEY and
Richard H. Moore, Jr., TREASURER OF THE STATE OF NORTH CAROLINA,

Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF THE TREASURY,
John W. Snow, SECRETARY OF THE TREASURY,
BUREAU OF PUBLIC DEBT, and
Van Zeck, COMMISSIONER OF THE BUREAU OF PUBLIC DEBT,

Defendants-Appellees.

RECEIVED

DECIDED:  June 15, 2006

JUN 19 2006

AT 8:30 _____
WILLIAM T. WALSH
CLERK

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON,
Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Plaintiffs-Appellants John E. McCormac, Treasurer of the State of New Jersey,

and Richard H. Moore, Treasurer of the State of North Carolina (collectively, the States)

appeal the decision of the United States District Court for the District of New Jersey,

transferring this case to the United States Court of Federal Claims.  McCormac v.

United States Dep't of Treasury, No. 04-4368 (D.N.J. July 29, 2005) (Transfer Decision).

Because we hold that the Court of Federal Claims does not have jurisdiction over this

case, we reverse and remand to the district court for further proceedings.

I

The States filed suit against Defendants-Appellees, the United States Department of the Treasury, the Secretary of the Treasury, the Bureau of Public Debt, and the Commissioner of the Bureau of Public Debt (collectively, the Government), invoking the Administrative Procedure Act (APA), 5 U.S.C. § 702, which permits judicial review of agency action in actions "seeking relief other than money damages." The States allege that, under state custodial escheat statutes, specifically the New Jersey Uniform Unclaimed Property Act, N.J. Stat. Ann. § 46:30B-1 et seq. and the North Carolina Escheat and Unclaimed Property Act, N.C. Gen. Stat. § 116B-1 et seq. (collectively, the State Acts), they are entitled to acquire and maintain custody of unclaimed property on behalf of the rightful owners of that property. Thus, the States seek custody of matured but unclaimed United States savings bonds in the possession of the Treasury Department.

The Government moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, to transfer the action to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. The district court denied the motion to dismiss and granted the motion to transfer, finding that the States' claims are "based on contracts," i.e., the savings bonds, such that the Tucker Act, as opposed to the APA, provides the appropriate source of subject matter jurisdiction. The States timely appealed that decision to this court, and we have jurisdiction to review the district court's interlocutory order pursuant to 28 U.S.C. § 1292(d)(4)(A).

II

We review questions concerning jurisdiction and transfer to the Court of Federal Claims de novo. United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999).

In its brief to this court, the Government concedes that it erred in requesting a transfer to the Court of Federal Claims, as this case is not within that court's limited jurisdiction. The States agree and request that we reverse the transfer order and remand to the district court for further proceedings.

Indeed, both parties are correct that the transfer to the Court of Federal Claims was improper. A case may be transferred to a "court in which the action or appeal could have been brought." 28 U.S.C. § 1631 (2000). In order for the Court of Federal Claims to have jurisdiction over this case, it must lie within the express jurisdictional mandate of the Tucker Act, which grants the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). However, the Tucker Act does not create any substantive right for monetary damages. United States v. Mitchell, 445 U.S. 535, 538 (1980). Rather, a plaintiff must plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. See Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1373 (Fed. Cir. 2000) (citing Mitchell, 463 U.S. at 216; United States v. Testan, 424 U.S. 392, 400 (1976)).

The States do not assert a contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. Rather, the district court found that the Court of Federal Claims had jurisdiction because "[t]he bonds are contracts between the United States and the bond owners." Transfer Decision, slip op. at 4 (citing Rotman v. United States, 31 Fed. Cl. 724, 725 (1994) ("A U.S. Savings Bond is a contract between the United States and the person to whom it is registered.")). The court determined that the States are seeking to be paid the proceeds of the savings bonds, that such payment is at odds with the federal regulations governing the bonds, and that, as a result, the States were seeking to challenge the terms of the bonds. Thus, the court found that "the States' complaint does assert a claim upon a contract with the United States" such that jurisdiction lies within the Court of Federal Claims. Id. at 4-5.

However, although the States are asserting a claim that involves a contract, they are not asserting a contract claim for money damages against the government. The bonds create a contractual relationship between the bond owners and the Government, but do not create a contractual relationship between the States and the Government. The States are not named parties to the bond contract, such that there is no privity between the States and the Government. Further, the States neither assert that they currently have title to the bonds, nor seek transfer of title to the bonds. Rather, they seek custody rights originating in their escheat statutes, such that they seek to "act[] as a conservator, not as a party to a contract." Conn. Mutual Life Ins. Co. v. Moore, 333 U.S. 541, 547 (1948).

Finally, neither party has cited any other contract creating a contractual relationship between the States and the Government, nor any other substantive right for money damages upon which a Tucker Act claim may be founded.  Consequently, the Court of Federal Claims does not have jurisdiction over this case.  We reverse the transfer order and remand to the district court for further proceedings.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### NOTICE OF ENTRY OF
### JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 06/15/06

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and petitions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the Appellee(s) under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.

JAN HORBALY
Clerk

cc:   WILLIAM C. CAGNEY
      KYLE E. CHADWICK

MCCORMAC V US DEPT OF TREASURY, 2005-1605
DCT - 04-CV-4368