## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOHN E. MCCORMAC and** | : | Civil Action No. 04-4368(MLC) |
| **RICHARD H. MOORE,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF THE TREASURY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Defendants United States Department of the Treasury, John W. Snow, Bureau of Public Debt and Van Zeck ("Defendants") for a Protective Order. Plaintiffs John E. McCormac and Richard H. Moore ("Plaintiffs"), Treasurers of New Jersey and North Carolina respectively, oppose the motion. This matter involves fully matured unclaimed United States Savings Bonds that New Jersey and North Carolina claim should be returned to the States as unclaimed property of New Jersey and North Carolina residents within the meaning of the New Jersey State Uniform Unclaimed Property Act (N.J.S.A. 46:30B-1, *et seq*.) and the North Carolina Escheat and Unclaimed Property Act (General Statute §§ 116B *et seq*.) (the "Acts"). The Court previously limited discovery to the issues of *ripeness* and *final agency action*. Defendants now move for a protective order limiting the Rule 30(b)(6) subject matter inquiries noticed by Plaintiffs. The Court reviewed the written submissions of the parties and conducted oral argument on May 10, 2007. For the reasons that follow, Defendants' motion for a protective order is granted in part, denied in part, and dismissed as moot in part.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A.      **Factual Background and Procedural History**

This case involves over $800 million in fully matured United States Savings Bonds that New Jersey and North Carolina assert are unclaimed property of State residents within the meaning of the New Jersey State Uniform Unclaimed Property Act (N.J.S.A. 46:30B-1, *et seq.*) and the North Carolina Escheat and Unclaimed Property Act (General Statute §§ 116B *et seq.*). (Pls.' Am. Compl. at ¶ 1).  The Savings Bonds have remained in the custody of the Bureau of Public Debt, a division of the United States Treasury, for at least a year after maturity without any communication between the Savings Bonds' respective New Jersey and North Carolina resident owners and the Bureau.  Id.  Plaintiffs contend that the Acts require the Bureau to report and deliver the bonds to New Jersey and North Carolina for beneficial custody to be returned to the rightful owners to the extent possible.  Id.

Under the Acts, all holders of unclaimed property must report and deliver to the New Jersey or North Carolina Treasurers such property whose owners have last known addresses in those respective States.  Id. at ¶ 15.  Therefore, for each Savings Bond sold by the United States Treasury Department, the Bureau of Public Debt issued and maintains a registration record which identifies the person or entity having ownership or beneficial custody of the bond.  Id. at ¶ 2.  New Jersey and North Carolina, through their Treasurers, assert that Defendants refuse to update registration records or make payment of bond proceeds to New Jersey and North Carolina as required under the Acts and by federal law.  Id.  Plaintiffs allege that if the Bureau maintained these records accurately, with the States named as registered custodians, the Bureau would pay New Jersey and North Carolina the proceeds of the Savings Bonds upon demand.  Id. at ¶ 26.

Instead, Plaintiffs claim that Defendants, acting through the Bureau, have established a

2

policy of refusing to recognize State escheat claims premised upon custody escheat statutes, while purportedly accepting State escheat claims premised upon title escheat statutes.  Id.  The Treasury sets forth its policy on its Internet website:

> The Department of the Treasury will recognize claims by States for payment of United States securities where the States have actually succeeded to the title and ownership of the securities pursuant to valid escheat proceedings.  The Department, however, does not recognize claims for payment by a State acting merely as custodian of unclaimed or abandoned securities and not as successor in title and ownership of the securities.

Id.  Plaintiffs contend that Defendants' refusal to pay Savings Bond proceeds to States having custody escheat statutes, a policy that is set forth on its Internet website, fulfills any requirement for final agency action under 5 U.S.C. §§ 702 and 704.  Id. at ¶ 34.

On September 8, 2004, Plaintiffs filed a complaint against the United States Department of the Treasury, John W. Snow, Bureau of Public Debt and Van Zeck seeking, in part, to have Defendants (1) transfer to the State of New Jersey all unclaimed United States Savings Bonds whose owners have last known addresses in the State and (2) provide adequate accounting of the amounts due to New Jersey.  (See Dkt. no. 04-4368, entry no. 1).  On September 14, 2004, Plaintiffs filed an Amended Complaint which included an additional Count seeking (1) the transfer to North Carolina of all unclaimed United States Savings Bonds whose owners have last known addresses in North Carolina and (2) an adequate accounting of the amounts due to North Carolina.  (Pls.' Am. Compl. at ¶ 39).

On February 2, 2005, Defendants filed a Motion to Dismiss the Complaint for Lack of Jurisdiction or in the alternative to transfer the action to the Court of Federal Claims.  (See Dkt.

no. 04-4368, entry no. 9).  The Motion to Dismiss was denied, but Defendants' motion to transfer the action to the Court of Federal Claims was granted on July 29, 2005.  (See Dkt. no. 04-4368, entry no. 21 and 22).  Plaintiffs appealed the Court's Order transferring the case to the Court of Federal Claims.  (See Dkt. no. 04-4368, entry no. 26).  On June 19, 2006, the United States Court of Appeals for the Federal Circuit held that the Court of Federal Claims did not have jurisdiction over this matter and remanded the case to this Court for further proceedings.  (See Dkt. no. 04-4368, entry no. 31).

Subsequently, on October 27, 2006, Defendants filed an Answer to the Amended Complaint.  (See Dkt. no. 04-4368, entry no. 40).  The Court then conducted a Rule 16 Conference and  filed a Scheduling Order on November 15, 2006 which limited discovery to *ripeness* and *final agency action* and set a deadline for discovery of February 28, 2007.  (See Dkt. no. 04-4368, entry no. 41).  The methods of discovery included one Rule 30(b)(6) deposition, interrogatories, and requests for production of documents.  (Defs.' Mem. at 1).  By stipulation, the parties limited the subject matters covered in the deposition.  Id.  The stipulation also stated that the language on the Treasury's website "is defendants' interpretation of federal savings bond regulations, [31 U.S.C. 3105 et seq and regulations, 31 CFR parts 315 et seq and 31 CFR parts 353 et seq] and reflects defendants' understanding of existing laws."  Id. at 10.  Now, Plaintiffs currently seek to cover several subject matters in the 30(b)(6) deposition to which Defendants object.  Id.

Plaintiffs' subject matter requests three and four are similar and seek testimony regarding the Treasury's policy as stated on its web-site.  Specifically, Plaintiffs' third request seeks testimony on "Treasury's Internet web site, with respect to the statement set forth in subject

4

matter number 4, including policies and procedures for content, maintenance and changes of the website." Id. at 8.  Plaintiffs' fourth request seeks testimony regarding

> The following statement found on Treasury's Internet web site:
> "The Department of the Treasury will recognize claims by States for payment of United States securities where the States have actually succeeded to the title and ownership of the securities pursuant to valid escheat proceedings.  The Department, however, does not recognize claims for payment by a State acting merely as custodian of unclaimed or abandoned securities and not as successor in title and ownership of the securities," including its drafting, review and revision, approval and placement on the site.

Id. at 10.  Plaintiffs' fifth request seeks testimony on "[t]he money set aside to meet demands on federal obligations, including but not limited to those relating to savings bonds, related accounting policies and procedures."  Id. at 5.  Finally, Plaintiffs' tenth request seeks testimony on "Treasury's compliance with the states' unclaimed property laws in situations other than savings bonds."  Id. at 11.  Plaintiffs withdrew subject matter number five and therefore, Defendants are objecting only to subject matters three, four, and ten.  (See Pls.' Opp. Mem. at 3).

**B.      Motion for Protective Order**

On March 9, 2007, Defendants filed the present motion for a protective order to limit the third, fourth, and tenth Rule 30(b)(6) subject matter inquiries noticed by Plaintiffs.  (See Dkt. no. 04-4368, entry no. 45).  Defendants argue that these requests are irrelevant to *ripeness* and *final agency action* and overly burdensome.  Id. at 9, 11-12.  Defendants further argue that their responses are protected under the deliberative process privilege.  Id. at 11.  Plaintiffs argue in opposition that the discovery is reasonable and within the Court's Case Management Order limiting the scope of discovery.  (Pls.' Opp. Mem. at 2).  Plaintiffs further contend that the subject matters noticed are relevant to *ripeness* and *final agency action* and not unduly

5

burdensome. Id. at 9-10. Plaintiffs argue that Treasury's stipulation does not obviate the need for testimony about the policy as stated on the website. Id. at 10. Finally, Plaintiffs also argue that the deliberative process privilege does not apply in this matter. Id. at 13.

## II.   DISCUSSION

Defendants contend that subject matter three is (1) irrelevant to *ripeness* and *final agency action* and (2) seeks information protected by the deliberative process privilege. (Defs.' Mem. at 8). Defendants argue that the need for subject matter four is obviated by Defendants' stipulation. Id. at 9. Defendants further argue that Defendants' responses regarding subject matter four are protected under the deliberative process privilege. Id. Defendants also object to subject matter ten, stating that it is irrelevant insofar as Plaintiffs seek "information on the savings bond regulations and agency's interpretation of those regulations for purposes of compliance with states' unclaimed property laws." Id. at 11. Defendants also argue that responding to subject matter ten would be particularly burdensome. Id. at 11-12. Defendants request that the Court tailor this subject matter to the Bureau of the Public Debt and to Savings Bonds, and limit the request so that a search of millions of records is not necessary. Id. at 13.

Plaintiffs argue in opposition that the discovery sought is reasonable. (Pls.' Opp. Mem. at 2). Plaintiffs contend that subject matter three, regarding the institutional procedures in place to maintain or change the policy statement on the website, is relevant to *ripeness* and *final agency action*. Id. at 9. Plaintiffs further contend that subject matter four, which seeks the facts surrounding the drafting, review and revision, and approval and placement of the policy statement on the website, is also relevant to the limited discovery permitted. Id. Plaintiffs argue that the Treasury's stipulation does not impact the need for testimony about the policy. Id. at 10.

6

Plaintiffs also argue that the deliberative process privilege does not apply in this matter because Defendants have offered no specific communications and have not explained their particular interest in keeping the matters confidential.  Id. at 13.  Finally, Plaintiffs assert that subject matter ten is relevant to Defendants' argument against ripeness and that the request is not unduly burdensome because it only requires a witness to testify as to matters known or reasonably available to the organization.  Id. at 15.

Defendants contend in reply that despite the Treasury's policy, "an additional proceeding resulting in final agency action is still required to establish 'final agency action' under the [Administrative Procedures Act]."  (Defs.' Reply Ltr. Br. at 2).  Defendants again argue that the stipulation obviates the need for further discovery because it provides the only fact that could result from discovery.  Id. at 3.  Defendants assert that Plaintiffs' "arguments fail to demonstrate the necessity of further exploration or the need to set aside the deliberative process privilege." Id. at 7.

## A.    Discovery Pursuant to Federal Rule of Civil Procedure 26(b)(1)

The Federal Rules of Civil Procedure adopt a liberal policy for providing discovery. Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).  As provided in Rule 26(b)(1), a party can assert that evidence is relevant based on either a "claim or defense of any party" or the "subject matter involved in the

7

action." FED. R. CIV. P. 26(b)(1).

Courts have construed this rule liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994)).  Review of all relevant evidence provides each party with a fair opportunity to "present an effective case at trial." Caver, 192 F.R.D. at 159.  However, the scope of discovery has "ultimate and necessary boundaries." Id. (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  To be discoverable, evidence must be "reasonably calculated to lead to the discovery of admissible evidence." Id.

**B.    Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides as follows:

> [T]he court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . .

FED. R. CIV. P. 26(c); see Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).  Upon a showing of good cause, the Court may, in its discretion, enter a protective order "for which the movant bears the burden of persuasion." Caver, 192 F.R.D. at 162.

The Third Circuit Court of Appeals has held that "absent exceptional circumstances, protective orders should not serve to interfere" with court proceedings.  In re Grand Jury, 286 F.3d 153, 159 (3d Cir. 2002).  Moreover, the Court of Appeals has also provided that:

> Protective orders, authorized under federal law by Federal Rules of Civil Procedure 26(c) and by analogous provisions in state rules, are intended 'to secure the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant.  Martindell v. Int'l Tel. and Tel. Corp., 594 F.2d 291, 295 (2d Cir. 1999) (quoting FED. R. CIV. P. 1).  By shielding sensitive information from third parties and the public at large, protective orders 'offer litigants a measure of privacy' and 'aid the progression of litigation and facilitate settlements.'  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  Id.

**C.     Deliberative Process Privilege**

The New Jersey Supreme Court examined the deliberative process privilege in I/M/O Liquidation of Integrity Insurance Co., 165 N.J. 75 (2000).  In re Liquidation of Integrity Ins. Co., 165 N.J. 75 (N.J. 2000).  "The deliberative process privilege is a doctrine that permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated."  Id. at 83 (citing N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132 (1975)); see also Brunt v. Hunterdon County, 183 F.R.D. 181, 189 (D.N.J. 1998) (acknowledging the importance of the confidentiality of evaluative and deliberative materials).

To assert the deliberative process privilege, the following three procedural requirements must be satisfied: (1) actual consideration by the head of the department which has control over the matter followed by a formal claim of privilege asserted by that officer; (2) precise and certain reasons for asserting the confidentiality over the government information or documents provided by the responsible agency official; and (3) identification and description of the government information or documents sought to be shielded.  U.S. v. Ernstoff, 183 F.R.D. 148, 152 (D.N.J. 1998).

9

For the deliberative process privilege to apply, a document must meet the following two requirements:  (1) the document must be pre-decisional which means that it must have been generated prior to the adoption of an agency's policy or decision; and (2) the document must be deliberative in nature, containing opinions, recommendations or advice about agency policies. Integrity, 165 N.J. at 84-85.  Purely factual material is not protected.  Id. at 85.  When the government shows that the documents in issue meet these threshold requirements, the privilege is applicable.  Id.  The Court then performs a balancing test, weighing "the benefit of preserving the integrity of internal governmental deliberations against the need for free and open discovery." Ernstoff, 183 F.R.D. at 152.  Factors considered by the Court include: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the "seriousness" of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.  Scott v. Bd. of Ed., 219 F.R.D. 333, 337 (D.N.J. 2004).

## III.   **ANALYSIS**

The Court imposed a limitation on subject matter inquiries during discovery and the parties have agreed on that limitation.  Specifically, the parties are limited to conducting discovery on *ripeness* and *final agency action*.  Neither party appealed this limitation.  Therefore, the relevancy analysis is not a true Rule 26(b)(1) analysis.  The deposition subject matter requests and related documents sought by Plaintiff are only relevant insofar as they pertain to *ripeness* and *final agency action*.  Further, Defendants argue that the stipulation entered into by the parties regarding the Treasury's policy on the website obviates the need for certain discovery.  The Court finds that the stipulation does not itself limit inquiries by Plaintiffs.  Parties are entitled to

10

conduct relevant discovery and present relevant evidence regardless of the courtesy of adversaries in offering stipulations. Instead, if Plaintiffs seek information regarding the policy and website that is relevant to *ripeness* and *final agency action*, then regardless of the stipulation, Plaintiffs are entitled to that discovery. The Court notes that Plaintiffs withdrew request five after reviewing Defendants' moving papers. Therefore, Defendants' motion, as it pertains to subject matter five, is dismissed as moot. The remaining subject matter requests in issue are numbers three, four, and ten.

**A.      Subject Matters Three and Four**

Subject matter requests three and four are closely related and both seek testimony regarding the Treasury's policy as stated on its website. Plaintiffs' third subject matter seeks testimony on "Treasury's Internet web site, with respect to the statement set forth in subject matter number 4, including policies and procedures for content, maintenance and changes of the website." (Defs.' Mem. at 8). Similarly, Plaintiff's fourth request seeks testimony regarding

> The following statement found on Treasury's Internet web site:
> "The Department of the Treasury will recognize claims by States for
> payment of United States securities where the States have actually
> succeeded to the title and ownership of the securities pursuant to
> valid escheat proceedings. The Department, however, does not
> recognize claims for payment by a State acting merely as custodian
> of unclaimed or abandoned securities and not as successor in title
> and ownership of the securities," including its drafting, review and
> revision, approval and placement on the site.

Id. at 10.

Plaintiffs contend that subject matters three and four which address the Treasury's policy found on the website are relevant because of Defendants' claims that (1) pursuant to the policy Defendants have no obligation to release the bonds to Plaintiffs and (2) action pursuant to the policy is not *final agency action*. The Court finds that pursuant to Rule 26(b)(1) and the

11

limitation of discovery to *ripeness* and *final agency action*, approval of the policy statement and placement of the statement on the website are relevant.  Plaintiffs should be permitted to ask questions regarding approval of any decision to post the policy cited by Defendants in rejecting Plaintiffs' claims to the mature savings bonds of New Jersey and North Carolina residents. Therefore, the Court declines to limit discovery further and denies Defendants' motion for a protective order regarding this information.

However, the Court finds that policies and procedures for content, maintenance and changes of the website, drafting, and review and revision are not relevant to *ripeness* or *final agency action*.  Therefore, Defendants' motion is granted as it pertains to policies and procedures for content, maintenance and changes of the website, drafting, review and revision, and technical placement on the website.

Defendants argue that even if the information sought by Plaintiffs in subject matters three and four is relevant, it is protected by the deliberative process privilege.  Initially, the Court finds that Defendants have failed to procedurally assert the deliberative process privilege.  Further, the Court is not certain whether this privilege applies to testimony at a Rule 30(b)(6) deposition, rather than to documents.  Here, Plaintiffs seek to include certain subject matters during the deposition and also seek documents related to these subject matters.

Previous cases indicate that the deliberative process privilege applies to "documents" containing advisory opinions, recommendations, and deliberations of a government agency.  See Integrity, 165 N.J. at 83 (N.J. 2000) ("The deliberative process privilege is a doctrine that permits the government to withhold **documents** that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are

12

formulated.") (emphasis added) (citing <u>N.L.R.B. v. Sears, Roebuck & Co.</u>, 421 U.S. 132 (1975)).

Defendants here claim that the privilege is applicable to testimony at a Rule 30(b)(6) deposition.

They do not assert the privilege in association with any specific documents.

However, even if the deliberative process privilege applies to testimony at a deposition,

Defendants have not properly asserted the privilege in this matter.  Assuming that the testimony

sought by Plaintiff would contain "advisory opinions, recommendations, and deliberations

comprising part of a process by which governmental decisions and policies are formulated,"

Defendants have not shown that (1) the information sought has been considered by the head of

the department which has control over the matter or (2) there are precise and certain reasons for

asserting the privilege.  <u>See Ernstoff</u>, 183 F.R.D. at 152; <u>Integrity</u>, 165 N.J. at 83.  Similarly,

Defendants have not identified or described the specific government information sought by

Plaintiffs and the reasons why it should be protected.  <u>Ernstoff</u>, 183 F.R.D. at 152.  There has

been no showing by Defendants that the testimony sought by Plaintiffs in requests three and four

is pre-decisional or that the information is "deliberative in nature, containing opinions,

recommendations, or advice about agency policies."  <u>Integrity</u>, 165 N.J. at 84-85.  Instead,

Defendants provide the Court only general argument that the deliberative process privilege

should apply to the testimony requested.  Therefore, the Court finds that the deliberative process

privilege is inapplicable to this case because Defendants have failed to procedurally assert it.

Defendants next argue that subject matter four is obviated by the stipulation entered into

by the parties which stated in part that the language on the Treasury's website is Defendants'

interpretation of federal savings bond regulations and reflects Defendants' understanding of

existing laws.  The Court finds that the parties are able to pursue subject matters relevant to

*ripeness* and *final agency action* at deposition despite this stipulation.  Even though Defendants stipulate that the website language is their interpretation and understanding of regulations and laws, Plaintiffs are still able to ask relevant questions regarding the policy, its approval, and its placement on the website.  Therefore, Defendants' motion for a protective order is granted in part and denied in part as to subject matters three and four.  The Court will allow testimony regarding the policy's approval and placement on the website.  The Court will not allow testimony regarding the policies and procedures for content, maintenance and changes of the website, drafting, review and revision, and technical placement on the website.

**B.     Subject Matter Ten**

Plaintiffs' tenth subject matter request seeks testimony on "Treasury's compliance with the states' unclaimed property laws in situations other than savings bonds."  (Defs.' Mem. at 11). Defendants argue that this testimony is overly burdensome and should be limited to compliance with the states' unclaimed property laws by the Bureau of Public Debt pursuant to its regulatory provisions.  (Defs.' Mem. at 11).  The Court finds that pursuant to Rule 26(b)(1) and the Court's limitation on discovery, individual examples of compliance with regard to circumstances **other than Savings Bonds** which would require a manual search of millions of records, are irrelevant to the present matter and would be unduly burdensome to Defendants pursuant to pursuant to Rule 26(c).  The Court finds that only compliance with States' unclaimed property laws by the Bureau of Public Debt as it relates to Savings Bonds is relevant to *ripeness* and *final agency action*.  Therefore, the Court grants Defendants' motion for a protective order as to subject matter ten.  The Court will only allow testimony with regard to subject number ten limited to compliance with the states' unclaimed property laws by the Bureau of Public Debt pursuant to its

14

regulatory provisions for **Savings Bonds**.

## IV.   <u>CONCLUSION</u>

For the reasons expressed here, the Court finds that subject matters three and four are relevant to *ripeness* and *final agency action* insofar as they seek testimony regarding approval and placement of the Treasury's policy on the website and irrelevant insofar as they seek information regarding policies and procedures for content, maintenance and changes of the website, drafting, review and revision, and technical placement on the website.  The Court further finds that the deliberative process privilege was not procedurally asserted by Defendants in this case.  The Court also notes that the stipulation entered into between the parties regarding Defendants' understanding of existing laws does not limit Plaintiffs' inquiry into relevant topics at deposition.

Subject matter five was withdrawn by Plaintiffs, and therefore, Defendants' motion as it pertains to subject matter five is dismissed as moot.  As to subject matter ten, the Court finds that the request is properly limited to compliance with the states' unclaimed property laws by the Bureau of Public Debt pursuant to its regulatory provisions for Savings Bonds.  Therefore, Defendants' Motion for a Protective Order is granted in part, denied in part, and dismissed as moot in part.

An appropriate Order accompanies this Memorandum Opinion.

**Dated: May 14, 2007**

15